UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SHAWDA, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:10-CV-1175 |
| | : | |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY, | : | |
| Defendant | : | |

M E M O R A N D U M

I.      *Introduction*

        We are considering a motion for summary judgment filed by defendant,

Norfolk Southern Railway Company ("NS").  This matter involves plaintiff, Roger Shawda,

slipping and falling on property owned by NS.  Plaintiff filed a complaint, alleging that he

was an employee of NS at the time of the incident and seeks recovery under the Federal

Employers Liability Act ("FELA").  Defendant filed a motion for summary judgment on the

basis that plaintiff is not an employee under the FELA.  We will examine the motion

under the well-established standard.  *Lawrence v. City of Philadelphia*, 527 F.3d 299,

310 (3d. Cir. 2008).  We "must view all evidence and draw all inferences in the light most

favorable to the non-moving party, and may affirm a grant of summary judgment only if

no reasonable juror could find for the non-movant."  *Id.*

*II.*          *Background*

Plaintiff worked as a carpenter for RK Shawda Home Improvements, which he owned and operated.  Defendant is a railway company for which plaintiff performed carpentry and other remodeling work on railroad camp cars.  The relationship between the parties is at issue.  Plaintiff contends that defendant hired him as an employee while defendant asserts that plaintiff was an independent contractor.

Plaintiff began working for defendant after Leo Schu, a contractor, informed him that there was a large project coming up, and inquired about his interest in participating.  Plaintiff contacted defendant to initiate the working relationship.  For the period of time plaintiff worked for defendant, defendant made payment to RK Shawda Home Improvements.  RK Shawda, in turn, paid plaintiff.  While on the job, plaintiff used his own tools as well as specialty tools provided by defendant.

The level of plaintiff's supervision is in dispute.  Defendant argues that plaintiff had very little contact with Thomas Dilliplane, the NS employee on site.  Plaintiff contends that Dilliplane inspected his work several times a day.  In addition, plaintiff asserts that defendant set his rate of pay, instructed him when to arrive at work, and told him what work to perform each day.

On February 14, 2008, plaintiff was working at NS when he slipped and fell on ice.  He filed the instant complaint on September 2, 2011, alleging he was an employee of NS and entitled to recover under the FELA.

III.        *Discussion*

To recover damages under FELA, a plaintiff must demonstrate that "the defendant is a common carrier by railroad engaged in interstate commerce . . . they were employed by the defendant and assigned to perform duties which furthered such commerce . . . their injuries were sustained while they were employed by the common carrier; and . . . their injuries resulted from the defendant's negligence." *Felton v. Southeastern Pennsylvania Transp. Authority*, 952 F.2d 59, 62 (3d Cir. 1991).  To determine if a plaintiff is an employee under FELA, the most important factor is "whether the [defendant] had the power to direct, control and supervise the plaintiff in the performance of his work at the time he was injured."  *Williamson v. CONRAIL*, 926 F.2d 1344, 1359 (3d Cir. 1991) (citing *Tarboro v. Reading Co.*, 396 F.2d 941, 943 (3d Cir. 1968)).  Other factors include "who selected and engaged the plaintiff to do the work; who paid his wages for performing it; who had the power to terminate his employment; who furnished the tools with which the work was performed and the place of work."  *Id.*

We consider this motion, as we must, in the light most favorable to the non-moving party. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008).  Plaintiff has provided evidence which creates a genuine issue of material fact as to whether he was "employed" by NS.  Plaintiff was given at least some direction from Dilliplane.  The level of supervision is at issue, but even defendant concedes that plaintiff reported at 7 a.m. to check in at the work site and Dilliplane "would inspect the work for progress and completion."  (Doc. 40, ¶ 20).  Other factors also indicate that a reasonable

3

jury may find that the plaintiff was an employee under the FELA.  For example, plaintiff was the party that solicited the defendant to do the work and defendant provided tools to plaintiff.  Viewing the facts in the light most favorable to the plaintiff, there is a genuine issue of material fact as to whether defendant controlled plaintiff's work.

> *IV.  Conclusion*

Based on the above discussion, we will deny defendant's motion for summary judgment and will issue an appropriate order.


 /s/ William W. Caldwell
William W. Caldwell
United States District Judge

4

UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

ROGER SHAWDA,                              :
       Plaintiff                        :
                               :
      v.                              :
                               : CIVIL NO. 4:10-CV-1175
                               :
NORFOLK SOUTHERN RAILWAY     :
COMPANY,                                    :
       Defendant                     :

*O R D E R*

       AND NOW, this 4th day of January, 2012, upon consideration of

defendant's motion for summary judgment (Doc. 38) and plaintiff's response, and

pursuant to the accompanying Memorandum, it is ORDERED that defendant's motion for

summary judgment is DENIED.

                                  /s/ William W. Caldwell
                               William W. Caldwell
                               United States District Judge